FILED
CLERK, U.S. DISTRICT COURT

OCT 26 2016

CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO SOLIS JUAREZ,<br><br>            Plaintiff,<br><br>  v.<br><br>DIRECTV, LLC,<br><br>            Defendant. | Case No. 5:16-cv-00400-SVW-E<br><br>**[DISCOVERY MATTER]**<br><br>**PROTECTIVE ORDER AND FRE 502(d) and (e) CLAWBACK AGREEMENT/ORDER**<br><br>Date:      TBD, 2016<br>Time:<br>Courtroom:<br><br>Discovery Cut-Off: N/A<br>Pretrial Conference: January 9, 2017<br>Trial Date: January 10, 2017<br>Action Filed: March 3, 2016 |

The Court, based on a finding of Good Cause, hereby ENTERS the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c) and Clawback Agreement/Order under Fed. R. Ev. 502(d) and (e). To protect trade secret and/or confidential research, development or commercial information, information protected from disclosure by 47 U.S.C. § 338(i), information and documents which may be protected by the attorney-client privilege and the tangible or intangible work product doctrines, and/or private information related to this litigation, it is **HEREBY ORDERED** that:

1. Any document or information produced or disclosed pursuant to the terms of this Protective Order cannot be used for any purpose other than this lawsuit or in the eleven other related Central District Cases currently pending before this Court.[1] Thus, information and documents produced through discovery and designated as "Confidential" may be disclosed only to: (a) a party, (b) recognized counsel for the parties in this case, and their staff and other attorneys in their firms, namely: STUEVE SIEGEL HANSON LLP and LEAR WERTS LLP, Attorneys for Plaintiffs, and AKIN GUMP STRAUSS HAUER & FELD, LLP, Attorneys for Defendants, (c) witnesses, (d) experts and consultants retained by a party for assistance in trial preparation or for testimony, (e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents, (f) the Court and its personnel, and (g) for use in trial. The designation

---

[1] These cases together are twelve cases brought against Defendant DirecTV, LLC by Plaintiffs' counsel, and are collectively referred to as the Central District Cases. They are: *Lasater v. DirecTV*, 2:16-cv-01373-SVW-E; *Le v. DirecTV*, 2:16-cv-01369-SVW-E; *To v. DirecTV*, 2:16-cv-01374-SVW-E; *Varas v. DirecTV*, 2:16-cv-01395-SVW-E; *Trujeque v. DirecTV*, 2:16-cv-01477-SVW-E; *Lkhagvadorj v. DirecTV*, 2:16-cv-01502-SVW-E; *Gonzalez v. DirecTV*, 2:16-cv-01630-SVW-E; *Kidd v. DirecTV*, 5:16-cv-00356-SVW-E; *Magill v. DirecTV*, 5:16-cv-00356-SVW-E; *Guzik v. DirecTV*, 2:16-cv-01967-SVW-E; *Solis Juarez v. DirecTV*, 5:16-cv-00400-SVW-E; and *Nault v. DirecTV*, 2:16-cv-05721-SVW-E.

1  "Confidential" may be invoked in good faith by a producing party with respect to items
2  of discovery produced through this litigation which the producing party or non-party
3  reasonably believes not to be in the public domain and contains any confidential,
4  strategic, research, development, or commercial information or private, personal or
5  personnel information, and information and documents which may be protected by the
6  attorney-client privilege and the tangible or intangible work product doctrines.
7       2.   Any document designated by a party as "Attorneys' Eyes Only" may be
8  disclosed only to: (a) recognized counsel for the parties in this case, and their staff and
9  other attorneys in their firms, namely: STUEVE SIEGEL HANSON LLP and LEAR
10 WERTS LLP, Attorneys for Plaintiffs, and AKIN GUMP STRAUSS HAUER & FELD,
11 LLP, Attorneys for Defendants, (b) experts and consultants retained by a party for
12 assistance in trial preparation or for testimony, (c) any persons requested by counsel to
13 furnish services such as document coding, image scanning, mock trial, jury profiling,
14 translation services, court reporting services, demonstrative exhibit preparation, or the
15 creation of any computer database from documents, (d) the Court and its personnel, and
16 (e) for use in trial. As used herein, the designation "Attorneys' Eyes Only" may be
17 invoked in good faith by a producing party only with respect to Confidential
18 Information which the producing party or non-party reasonably believes to be: (1) a
19 trade secret or so competitively sensitive that it is entitled to extraordinary protections or
20 (2) non-public financial information about a person or party.
21       3.   Confidential Information or Attorneys' Eyes Only Information may be
22 disclosed to a person, not already allowed access to such information under this
23 Protective Order, if: the information was previously received or authored by the person
24 or was authored or received by a director, officer, employee or agent of the company for
25 which the person is testifying as a corporate designee; the designating party is the
26 person or is a party for whom the person is a director, officer, employee, consultant or
27 agent; or counsel for the party designating the material agrees that the material may be
28 disclosed to the person. In the event of disclosure under this paragraph, only the

reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

4. Each person who is to receive Confidential or Attorney's Eyes Only Information pursuant to paragraphs 1(c),(d), or (e) or 2(b) or (c), shall execute a Written Assurance in the form attached hereto as Exhibit A.

5. The inadvertent failure to designate or withhold any information as Confidential or Attorneys' Eyes Only will not be deemed to waive a later claim as to its confidential nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

6. The parties recognize that the Satellite Television and Localism Act of 2010, 47 U.S.C. § 338(i), (the "Act") prohibits the disclosure of personally identifiable information concerning any satellite subscriber without the prior written consent of the subscriber concerned. Accordingly, the parties agree that any documents that contain personally identifiable information concerning satellite subscribers shall be treated as Confidential and only copies of documents that do not contain, or that have personally identifiable information concerning satellite subscribers redacted, will be submitted to the Court.

7. All experts retained by a party for assistance in trial preparation or for testimony will be provided a copy of this Protective Order and will be made aware that they are prevented from publicly disseminating this information and are required to maintain its confidentiality.

8. This Protective Order will not prohibit the use of Confidential Information in depositions of witnesses allowed access to such documents under the terms of this Protective Order and/or at trial.

9. A party may designate information disclosed at a deposition as Confidential or Attorneys' Eyes Only Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have thirty (30) calendar days after the date the transcript of the deposition is received from the Court reporter to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential or Attorneys' Eyes Only Information.

10. The parties shall act to protect from public disclosure all information produced through discovery and designated Confidential or Attorneys' Eyes Only Information. The parties will file documents under seal pursuant to Local Rule 79-5.1.

11. If any party wishes to modify this Order, the parties shall first request such modification from each other and, if no satisfactory agreement is reached, may petition the Court for modification at any time prior to termination of this lawsuit. Modification of this Order after termination of this lawsuit, by judgment, settlement or otherwise, shall not be permitted. Until modification is granted by agreement or order, the terms of this Order will govern.

12. Notwithstanding the claw back provision in paragraph 17, if any party wishes to challenge a designation under this Order, the parties shall first request a changed designation from the producing party and, if no satisfactory agreement is reached, may petition the Court to challenge a designation at any time prior to termination of this lawsuit. Until a change to a designation is granted by agreement or order, the producing party's designation will govern.

13. This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

14.  This Order shall not preclude the Court or its personnel from reviewing any documents or information as necessary for the conduct of this litigation, except for documents containing personally identifiable information concerning satellite subscribers, which shall only be submitted to the Court consistent with paragraph 5. Confidential or Attorneys' Eyes Only Information designated documents filed with the Court shall be filed under seal.

15.  Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents designated Confidential or Attorneys' Eyes Only Information, and to certify to the producing party such destruction or return upon request. However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

16.  This Order shall apply to any person or entity from whom discovery may be sought and who desires protections for the discovery sought. Thus, any non-party requested or required to produce or disclose documents, things or information, or to provide testimony in this proceeding, through subpoena or otherwise, may designate such documents, things or information or testimony as Confidential or Attorneys' Eyes Only Information under the terms of this Order. Third party discovery designated under this Order shall be treated by the parties in accordance with the provisions of this Order as if such documents, things or information or testimony were produced or provided by a party to this action.

17.  Pursuant to FRE 502(d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

      a. the disclosure or production of documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation attorney-client privilege and the work product doctrine, to a receiving party, shall in no way constitute the voluntary disclosure of such document.

      b. the inadvertent disclosure or production of any documents in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such document as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

      c. if, during the course of this litigation, a party determines that any document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

          i. the receiving party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

          ii. If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing

1 and shall provide the Receiving Party with a log for such Protected Documents that is
2 consistent with the requirements of the Federal Rules of Civil Procedure, setting forth
3 the basis for the claim of privilege or other protection. In the event that any portion of a
4 Protected Document does not contain privileged or protected information, the Producing
5 Party shall also provide to the Receiving Party a redacted copy of the document that
6 omits the information that the Producing Party believes is subject to a claim of privilege
7 or other protection.

8     d. If, during the course of this litigation, a party determines it has produced a
9 Protected Document:

10         i. the Producing Party may notify the Receiving Party of such
11 inadvertent production in writing, and demand the return of such documents. Such
12 notice shall be in writing, however, it may be delivered orally on the record at a
13 deposition, promptly followed up in writing. The Producing Party's written notice will
14 identify the Protected Document inadvertently produced by bates number range or hash
15 value, the privilege or protection claimed, and the basis for the assertion of the privilege
16 and shall provide the Receiving Party with a log for such Protected Documents that is
17 consistent with the requirements of the Federal Rules of Civil Procedure, setting forth
18 the basis for the claim of privilege or other protection. In the event that any portion of
19 the Protected Document does not contain privileged or protected information, the
20 Producing Party shall also provide to the Receiving Party a redacted copy of the
21 Document that omits the information that the Producing Party believes is subject to a
22 claim of privilege or other protection.

23         ii. The Receiving Party must, within ten (10) days of receiving the
24 Producing Party's written notification described above, return, sequester, or destroy the
25 Protected Document and any copies, along with any notes, abstracts or compilations of
26 the content thereof. To the extent that a Protected Document has been loaded into a
27 litigation review database under the control of the Receiving Party, the Receiving Party
28 shall have all electronic copies of the Protected Document extracted from the database.

PROTECTIVE ORDER AND FRE 502(d) and (e) CLAWBACK AGREEMENT/ORDER

e. To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c)(ii) and d(i), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

f. The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

i. the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

ii. the disclosure of the Protected Documents was not inadvertent;

iii. the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

iv. the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

g. Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

h. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of

1  the Court's order. The Court may also order the identification by the Receiving Party of
2  Protected Documents by search terms or other means.
3           i. Nothing contained herein is intended to, or shall serve to limit a party's
4  right to conduct a review of documents, data (including electronically stored
5  information) and other information, including without limitation, metadata, for
6  relevance, responsiveness and/or the segregation of privileged and/or protected
7  information before such information is produced to another party.
8           j. By operation of the parties' agreement and Court Order, the parties are
9  specifically afforded the protections of FRE 502 (d) and (e).
10 **IT IS SO ORDERED**.
11 DATED this 26th day of October, 2016.

Hon. Charles F. Eick
United States Magistrate Judge

PROTECTIVE ORDER AND FRE 502(d) and (e) CLAWBACK AGREEMENT/ORDER

# EXHIBIT A
# WRITTEN ASSURANCE

I, _____, declare that:

1. My address is _____, and the address of my present employer is _____.

2. My present occupation or job description is _____.

3. My present relationship to plaintiff(s)/defendant(s) is _____.

4. I have received a copy of the Stipulated Protective Order and Clawback Agreement (the "Protective Order") in this action.

5. I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential or Attorneys' Eyes Only information received under the protection of the Protective Order.

6. I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential or Attorneys' Eyes Only in a container, cabinet, drawer, room or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will destroy or return to counsel all Confidential or Attorneys' Eyes Only documents and things that come into my possession. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I declare under penalty of perjury under the laws of the state where executive that the foregoing is true and correct.

Executed this ____ day of _____, 20____, in the State of ____.

_____
Signature

PROTECTIVE ORDER AND FRE 502(d) and (e) CLAWBACK AGREEMENT/ORDER